IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA

  Plaintiff,

v.

CALVIN R. RILEY

  Defendant.

---

## ORDER OF DETENTION

  THIS MATTER came before the Court for a detention hearing on January 26, 2012. Present were the following: Guy Till, Assistant United States Attorney, Darren R. Cantor, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Report and the arguments of counsel.

  The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

  IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

  IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

  IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 27th day of January, 2012.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v. Calvin R. Riley
Case Number 12-cr-00010-MSK

### FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or probable cause to believe the defendant committed a violation of 18 U.S.C. § 924(c), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> the weight of the evidence against the person;
>
> the history and characteristics of the person, including –
>
>> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> the nature and seriousness of the danger to any person or the community that

would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file. I have also considered the information presented during the detention hearing on January 26, 2012 and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violations of 21 U.S.C. § 841(a)(1) [possession with the intent to distribute cocaine], 18 U.S.C. § 922(g) [possession of a firearm by a prohibited person], 21 U.S.C. §§ 846 and 856 [conspiracy to use and maintain a drug-involved premises], and 21 U.S.C. § 856(a)(1) [using and maintaining a drug-involved premises]. Some of these offenses are crimes prescribed by the Controlled Substance Act that carry a maximum term of imprisonment of over ten years. The grand jury has found probable cause to believe these offenses were committed by the defendant. This court finds that the defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required or the safety of the community.

Second, I note the defendant's history and personal characteristics. Weighing in his favor, the defendant's mother and stepfather reside in the Denver metro area, as do three of his siblings (one of whom is a co-defendant in this case). The defendant also is a long-time resident of Colorado. The defendant has been in a relationship for approximately two years and has one minor child from that relationship. The defendant has other children from other relationships who also live in the Denver area. The defendant reports that he has been employed by his current employer since January 2011. Pretrial Services was not provided with any other information that would suggest the defendant has a history of sustained employment. Although the defendant acknowledged using cocaine and marijuana in the past, he told Pretrial Services that he has not used those substances since a conviction in 2009.

Finally, the defendant's criminal record reveals numerous arrests and/or convictions for relatively minor offenses. However, the defendant was convicted in 1985 of felony burglary. In 1994, the defendant pled guilty to carrying a concealed weapon. In 1996, the defendant pled guilty to felony possession/sale of a controlled substance, and in 2009, he was found guilty at trial of felony attempt to influence a public servant, felony tampering with evidence, and misdemeanor forgery. It should be noted that the defendant was charged in the latter case in April 2008 and went to trial in April 2009. Evidence suggests that while the defendant was on bond awaiting trial in that state felony case, he committed the drug offense charged in this case. It also appears that the defendant was on bond awaiting sentencing after the 2009 trial when he allegedly committed the firearms violation alleged in Count Ten of the instant Indictment. Pretrial Services indicates the defendant has been cited on thirteen occasions for failure to appear.

After considering all of these factors, I find by clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. In particular, I note the statutory presumption governing this case, the weight of the government's evidence and the

defendant's admitted past use of illegal drugs.  The court's findings also take into consideration the defendant's criminal history that includes a prior conviction for carrying a concealed weapon and a prior drug-related felony conviction.  Finally, I find there is a significant threat of flight given the short duration of the defendant's current employment, the defendant's apparent failure to comply with conditions of bond in connection with his 2009 state law prosecution, and the substantial penalties (including, for one charged offense, not more than 30 years imprisonment) that could be imposed if the defendant were found guilty of the offenses charged in this case.