IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-12

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

12. CALVIN R. RILEY,

    Defendant.

## PLEA AGREEMENT

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, CALVIN R. RILEY, hereinafter referred to as the defendant, personally, and by his counsel of record, DARREN R. CANTOR, Esq., submit the following Plea Agreement and stipulation of facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement). The

Court's Exhibit 1

offer memorialized in this Plea Agreement was accepted by the defendant when the defense filed a Notice of Disposition on February 22, 2012 (#240). This plea agreement and related communications are under color of FRE 410.

## I. **PLEA AGREEMENT**

A. Defendant Calvin R. Riley agrees to plead guilty to Count Ten (charging a violation of 18 U.S.C. 922(g)(1)) and Count Thirty-Two (charging a violation of 21 U.S.C. § 856(a)(1) and (2)) of the Indictment (#1) returned against him in this matter.

B. In exchange for his pleas of guilty to Count Ten and Count Thirty-Two, the Government agrees to file a motion to dismiss the remaining counts of the Indictment and any superseding indictment in this case as to defendant Calvin R. Riley, to be effective after the Court accepts the defendant's pleas of guilty.

C. The Government agrees not to oppose the Defendant's request that sentences imposed on the counts of conviction run concurrently.

D. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 14 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which

2

the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

E. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range. In consideration of the defendant's pleas of guilty and the imposition of sentence, the Government agrees to recommend an adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence at the bottom of the applicable advisory Sentencing Guidelines range at the time of sentencing. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of Title 18 U.S.C. Section 3553.

## II. ELEMENTS OF THE OFFENSES

A. With respect to Count Ten of the Indictment, Prohibited Person with a Firearm, 18 U.S.C. § 922(g)(1), the parties agree that the elements of the offense to which this plea is being tendered are as follows:

(1) On or about July 10, 2009;

(2) within the State and District of Colorado;

(3) the defendant;

(4) knowingly possessed a firearm;

(5) to wit: a pistol;

(6) said pistol having been transported in and affecting interstate commerce, and

(7) the defendant had been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

B. With respect to Count Thirty-Two of the Indictment, Using and Maintaining Drug Involved Premises, 21 U.S.C. § 856(a)(1) and (2) and 18 U.S.C. § 2, the parties agree that the elements of the offense to which this plea is being tendered are as follows:

(1) On or about October 30, 2010;

(2) within the State and District of Colorado;

(3) the defendant;

(4) knowingly contributed to the maintenance and rent of the premises of the Hell's Lover's Motorcycle Club clubhouse;

(5) then knowing said clubhouse was used by persons as a location for sharing and

4

consuming marijuana and cocaine;

(6) or intentionally aided and abetted the same;

(7) marijuana being a Schedule I controlled substance and cocaine being a Schedule II controlled substance;

### III. STATUTORY PENALTIES

A. The maximum statutory penalty for the 18 U.S.C. § 922(g)(1) offense charged in Count Ten is not more than 10 years imprisonment; a fine of up to $250,000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100 special assessment fee.

B. The maximum statutory penalty for the 21 U.S.C. § 856(a)(1) and (2) offense charged in Count Thirty-Two is not more than 20 years imprisonment, a fine of up to $500.000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100.00 special assessment.

C. Under Title 18 U.S.C. § 3584, as to a person convicted of more than one offense, the Court may impose concurrent or consecutive sentences. If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, and the right to vote during a period of confinement.

## V. STIPULATION OF FACTS

A.   The parties agree there is a factual basis for the guilty pleas that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant offense conduct, and consider other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to these considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

C. The parties agree that the date on which the relevant offense conduct began is on or about June 1, 2009. The parties agree evidence at trial would establish the following as to Count Ten:

    (1) On or about July 10, 2009,

    (2) Within the State and District of Colorado, near 222 Logan Street, Denver, Colorado,

    (3) The defendant, CALVIN R. RILEY,

    (4) Knowingly possessed a firearm, to wit: a 4 shot derringer pistol, which CALVIN R. RILEY proceeded to sell to a Confidential Human

     Source of Information (CHS) working with ATF agents who were monitoring the transaction,

 (5) Said pistol having moved in and affecting interstate commerce,

 (6) And CALVIN R. RILEY having been convicted previously of a Colorado State felony punishable by imprisonment for a term exceeding one year, to it: Denver District Court Case No. 1996cr2798, Possession of a Controlled Substance, and having been sentenced on or about December 12, 1996;

 (7) and, as of July 10, 2009, being on bond awaiting sentence for a felony offense, to wit: having been found guilty by a jury on or about April 29, 2009, in Arapahoe County District Court Case No. 2008cr595, of Criminal Attempt to Influence a Public Servant, a Colorado state felony,

 (8) All in violation of Title 18 U.S.C. Section 922(g).

D. The parties stipulate and agree the Government's evidence at trial would establish the following as to Count Thirty-Two:

 (1) HLMC clubhouse was a location where illegal drugs, including cocaine and marijuana, were used and shared. Between January 2005 and January 2012, as witnessed in part by an ATF undercover Special Agent (UC) and a number of Confidential Human Sources of Information (CHS) working with law enforcement, on Thursday, Friday and Saturday nights of the average week, the premises informally known as the Hell's Lovers Motorcycle Club (HLMC) clubhouse, located in the Denver metropolitan area, within the District of Colorado, would be the scene of gatherings where HLMC members and

visitors consumed and shared Marijuana and cocaine. The HLMC clubhouse was the scene of cocaine or Marijuana consumption by 30 to 40 persons on any given Friday or Saturday night.

(2) The routine and repeated use of Marijuana and cocaine at the HLMC clubhouse was known to the defendant. The defendant knew Marijuana was shared and used routinely and regularly at the HLMC clubhouse. The defendant used Marijuana at the clubhouse. In October 2010 the defendant was a fully patched and "christened" HLMC member. The defendant had a position of leadership within the HLMC.

(3) The HLMC clubhouse was supported and maintained by purchases of beverages from the HLMC bar and dues paid by the defendant and other members of the HLMC, including fully patched and "christened" members, probationary members, prospective members, and "property of" female associates. Clubhouse expenses such as rent and utilities were paid by the HLMC Colorado Chapter Treasurer using proceeds from purchases of beverages and HLMC dues paid by the defendant and other members.

E. For purposes of relevant offense conduct, on or about January 29, 2009, within the District of Colorado, Calvin Riley provided an ATF CHS with a approximately 6 grams of substance containing a detectable amount of cocaine; on or about July 2, 2009, within the District of Colorado, Calvin Riley provided an ATF CHS with a approximately 13 grams of substance containing a detectable amount of cocaine.

F. The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only

the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

### VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A.  The parties understand that the imposition of a sentence in this matter is government by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offenses

B.  The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court. The defendant understands and agrees he may not withdraw his pleas solely as a result of the sentence imposed.

C.  The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the

preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

(1) The government asserts the base offense level for Count Ten is **12** under §2K2.1(a)(7) of the Sentencing Guidelines (defendant has a countable prior felony conviction for a Criminal Attempt to Influence a Public Servant).  The government asserts the offense level for Count Thirty-Two is **12** under Section 2D1.8(a)(1) and 2D1.1(14)(less than 25 grams of cocaine).

(2) The parties stipulate there are no victim-related or obstruction adjustments. The government submits a two level increase for role in the offense adjustment may be appropriate.  The defendant opposes any adjustment for role in the offense.

(3) Assuming the Court does not apply an adjustment for role in the offense as to County Thirty-Two, under the rules for grouping multiple counts of conviction, Section 3D1.3 and 3D1.4, the applicable offense level is **14**.

(4) Since the defendant filed his notice of disposition as indicated above and withheld his pretrial motions, the Government joins in the defendant's request that he receive the full two level (or three levels if the base offense level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b).  If granted, according to the Government's calculations, the adjusted offense level would be **12.**

(5) The defendant has several felony convictions: (1) 2008cr595, Criminal

Attempt to Influence a Public Servant, 2 years DOC = 3 points; (2) 1996cr2798, PCS, 90 days DOC, 3 years probation = 4A1.2(e)(3) says zero points; (3) 1985cr286, Burglary, 120 days Community Corrections, 4 years probation = 4A1.2(e)(3) says zero points; (4) 2007 Denver County Case No. B548762, Unlawful to use Slugs, Guilty = 0 points; Government contends defendant committed instant offense while on bond in 2008cr595 = 2 points. Government's estimate of Five points makes the defendant a Criminal History Category III. The defendant intends to argue that the 2009 conviction was obtained in violation of his right to effective assistance of counsel and over represents his criminal history. Further, the defendant reserves the right to argue that he should not receive criminal history points for committing an offense while being on bond. Accordingly, the defendant reserves the right to argue for a lower Criminal History Category. The parties understand and agree the Government's and the defendant's estimates regarding the defendant's criminal history category are projections, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines

determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(6)   The defendant is not eligible for "safety valve" consideration because a firearm is involved in the offense conduct, the defendant has more than one Criminal History point, and the defendant has not debriefed. Section 5C1.2.

### GUIDELINES PREDICTION

(D)   The Guidelines' sentencing range for Count Ten and Count Thirty-Two, resulting from an adjusted offense level of **12**, Criminal History Category III, is a term of imprisonment of 15-21 months. If the Court determines the defendant is in Criminal History Category II, with an adjusted offense level of **12**, the advisory Guidelines sentence would include a term of imprisonment of 12-18 months. The maximum guideline range for Level 12, Criminal History Category VI, is a term of imprisonment of 30-37 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. The Court may impose a sentence up to the statutory maximum provided by law.

(E)   Pursuant to §5E1.2, the range of a fine for offense level 12 for the offenses of conviction is $3,000.00 to $30,000.00.

(F)   In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not more than 3 years and a mandatory special assessment of $100 per count of conviction.

(G)   The parties understand that although the Court will consider the parties'

estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(H)   No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other18 U.S.C. §3553 factors.

(I)   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurance, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurance not expressly stated in this agreement.

Date: 5/16/12      By: _____
                        DARREN R. CANTOR, ESQ.
                        ATTORNEY FOR DEFENDANT RILEY

Date: 5/16         By: _____
                        CALVIN R. RILEY
                        DEFENDANT

Date: 20 JUNE 12   By: _____
                        GUY TILL
                        ASSISTANT U.S. ATTORNEY

N:\GTill\HLMC_calvin_PLEA_AGREEMENT_30_Apr_mtd.wpd