IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

               Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY
5. DELBERT J. GARDNER
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN
10. JOHNIE A. MYERS,
**12. CALVIN R. RILEY,**
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER,
16. CLIFFORD M. WRIGHT,

               Defendants.

---

## MOTION FOR STATUTORY SENTENCE [Doc. #610]

---

Calvin Riley hereby requests this Court sentence him pursuant to 18 U.S.C. §3553 rather than defaulting to a "guideline sentence" in this particular case. As grounds in support of this request, he provides the following:

Mr. Riley's criminal history points over-represent the seriousness of his criminal history or the likelihood that he will commit other crimes as he clearly and obviously was victimized by ineffective assistance of counsel during both the investigation phase of Arapahoe County case number 08CR595 and the trial itself.

In paragraph 81 of the presentence report [doc. #610], the report reflects that Mr. Riley suffered a felony conviction in Arapahoe County case number 08CR595. He was in fact represented by retained Counsel at that trial. The background is somewhat convoluted in that case. In order to understand what occurred, the underlying misdemeanor case must be examined.

Mr. Riley was represented by different retained counsel, Jerry Stevens, in a misdemeanor case in Arapahoe County (06M1802). Mr. Stevens provided a document to a prosecutor at a pre-trial conference. Through investigation, the Government believed that the document had been altered prior to it being provided to the Deputy District Attorney. A law enforcement officer contacted Mr. Stevens, as counsel for Mr. Riley, to inquire as to the document. Mr. Stevens made various statements to the officer in violation of Mr. Riley's attorney-client privilege and Colorado's Rule of Professional Conduct ("R.P.C.") 1.6 rule regarding confidentiality. Mr. Riley was eventually charged with the three counts reflected in paragraph 81 of the presentence report (and the allegations from 06M1802 were joined for trial).

He then retained James Reed to represent him in 08CR595. Throughout the course of his representation, Mr. Reed never filed a motion to disqualify the prosecutor so as to remove from their purview the information provided in violation of the attorney-client privilege or the rule regarding confidentiality. Further, and far more troubling, Mr. Reed permitted Mr. Riley's previous counsel, Jerry Stevens, to testify against Mr. Riley. *See Exhibit 1,* minute orders from Arapahoe County 08CR595, dated 4-28-09 and 4-29-

09 (emphasis added). Thus, the prior ineffective assistance Mr. Riley suffered through the disclosures of Mr. Stevens to the Government agents was compounded by the ineffective assistance of Mr. Reed in failing to prevent Mr. Stevens from testifying to the jury to these privileged and confidential matters.

> An attorney shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment . . .

Colo. Rev. Stat. Ann. § 13-90-107 (1)(b). Colorado's R.P.C. 1.6 provides that,

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>> (1) to prevent reasonably certain death or substantial bodily harm;
>> (2) to reveal the client's intention to commit a crime and the information necessary to prevent the crime;
>> (3) to prevent the client from committing a fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
>> (4) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
>> (5) to secure legal advice about the lawyer's compliance with these Rules, other law or a court order;
>> (6) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>> (7) to comply with other law or a court order.

*Id.*

Colorado courts have held that the disclosure of such attorney-client privileged material combined with a violation of the confidentiality rule results in an actual conflict of interest and thus in a deprivation of effective assistance of counsel. *People v. Ragusa*, 220 P.3d 1002 (Colo. App. 2009); *People v. Delgadillo*, 275 P.3d 772 (Colo. App. 2012).

After a defendant has established that an actual conflict exists, the court should not " 'indulge in nice calculations as to the amount of prejudice' attributable to the conflict." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) [quoting *Glasser v. United States*, 315 U.S. 60, 76 (1942)]. "Thus, a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler*, at 349-50.

The Supreme Court has held that generally a challenge to the constitutionality of the prior state court conviction at a federal sentencing hearing may not be had. *Custis v. United States*, 511 U.S. 485, 487 (1994). "However, an exception to this general rule is that challenges to the constitutionality of a conviction based upon a violation of the right to counsel are permitted in sentencing proceedings, even though the defendant is attacking the prior state conviction collaterally in federal court." *United States v. Cousins*, 455 F.3d 1116, 1125 (10th Cir. 2006). Here, Mr. Riley is not suggesting that this Court must entertain a collateral attack, which would prevent the usage of the

4

conviction from 08CR595 as criminal history points pursuant to §4A1.1. He is suggesting that 18 U.S.C. §3553 permits this Court to use the relevant information to determine whether the fully calculated criminal history points over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes.

Further, Mr. Riley has never before spent a significant period in custody. He has been in custody on this case since January 23, 2012 (*see #610, p2*). According to the presentence report, this constitutes eight months and eight days as of the presently scheduled date of sentencing, October 1, 2012. Prior to this, Mr. Riley's longest incarceration was the sentence in 08CR595. According to paragraph 81 of doc. 610, Mr. Riley was sentenced to a term of two years imprisonment (the longest or controlling term of the sentence). However, in actuality, due to various state rules and statutes, he only remained incarcerated by the Colorado Department of Corrections for an actual term of four months. He was then released on what is commonly known as "pre-parole" status or community placement, prior to actually being paroled by Colorado. Thus, he has already served a term of incarceration double to that of any prior term. *See U.S. v. Santoya,* 493 F.Supp.2d 1075 (E.D. Wisc. 2007)(Court departed downward, finding in career offender case imposition of a guideline sentence was of a greater magnitude than necessary given prior length of incarceration); *U.S. v. Collington*, 461 F.3d 805 (6th Cir. 2006)(departed downward, finding that in spite of criminal history category IV calculation, defendant had only spent seven months in custody prior to this crime).

Taking into account the issues discussed above in the criminal history category and his prior incarceration time Mr. Riley should be treated as though he has no criminal history points delivered through 08CR595. That would leave him with no criminal history points.

Additionally, as described in the presentence report, Mr. Riley is the parent of a special needs toddler, Gabriel. Their child suffers from hydrocephalus, as described in paragraph 105 in doc. 610 on p.15 of that report. The report goes on to say that, "Mrs. Chapman [his mother] said the defendant "changed" after Gabriel's birth. She said he has become a devoted family man and spends the majority of his time with Ms. Armijo and Gabriel rather than his friends." Ms. Armijo adds in her letter to the court, which should be attached to the final Presentence Report, that she depends very heavily on the assistance of Mr. Riley for the care that their son requires. Mr. Riley provides financial, emotional and physical assistance in the raising of Gabriel. He has already been advised that he will have a job again upon his release, so he can help support his children. As described in paragraph 106, he was current on his child support for his children from his marriage to Ms. Edwards until his arrest on this matter. He wishes to resume his full support of both those children and Gabriel as soon as possible to assist their mothers' in raising those children.

18 U.S.C. §3553(a)(1) provides that the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Here, taking that history and those characteristics into account, this Court should

sentence Mr. Riley to a term of time served, or more technically, a sentence of eight months and eight days.

Dated: September 17, 2012.

Respectfully submitted,

 **S/ Darren R. Cantor**
Darren R. Cantor
1127 Auraria Parkway, Suite 201-B
Denver, Colorado 80204
(303) 534-5722
Darren@cantorlaw.net
*Attorney for Calvin Riley*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of September, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to all relevant parties.

 S/ Darren R. Cantor
Darren R. Cantor