IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CALVIN R. RILEY,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 1:31 p.m., on the 1st day of October, 2012, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    DARREN CANTOR, Attorney at Law, 1127 Auraria Parkway, Denver, Colorado, 80204, appearing for the defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1         (The following proceedings were had and entered of
2    record after the Court heard the arguments of counsel and
3    statement of defendant:)
4         *THE COURT:*  Then I'll announce the sentence I intend
5    to impose.  Of course, counsel, you'll have a final opportunity
6    to make legal objections before judgment is entered.  And if
7    you think my reasoning is premised upon error or I raise an
8    issue that you haven't had adequate opportunity to address,
9    then I invite you to request a continuance.
10        This matter is before the Court for purposes of
11   sentencing on two convictions:  Count 10, which is a conviction
12   of violation of 18 U.S.C. Section 922(g)(1) and 924(a)(2) and
13   2; and Count 32, which is a conviction of violation of 21
14   U.S.C. Section 856(a)(1), (2) and (b) and 18 U.S.C. Section 2.
15        I identified at the beginning of this hearing the
16   documents that I had studied in preparation for the hearing.
17   And counsel advised me that they and the defendant had adequate
18   opportunity to study those as well, that there were no
19   additional documents to be considered, and that there were no
20   factual disputes with either the contents of the plea agreement
21   or the calculation in the -- I'm sorry, contents of the
22   presentence report or the calculation of the sentence under the
23   federal sentencing guidelines as set forth in the presentence
24   report.  I take the facts stated in the presentence report as
25   true, and we turn to the calculation under the guidelines.

1         For Count 10, being a prohibited person in possession
2    of a firearm, the Sentencing Commission guideline is that --
3    that is applicable is Section 2K2.1.  It sets the Base Offense
4    Level at 14.  For Count 32, using and maintaining a
5    drug-involved premises and aiding and abetting, the Base
6    Offense Level is set by Section 2D1.8 of the guidelines at 12.
7    Neither of these offenses has specific offense characteristics,
8    victim related adjustments, adjustments for role in the
9    offense, or adjustments for obstruction of justice.  Therefore,
10   they are treated under the multiple count adjustment found in
11   Section 3D1.4 of the guidelines.  For each of the counts, they
12   are treated as having one unit count, for a total number of
13   units of 2.  That is added to the higher of the adjusted
14   offense level, which is 14, which results in a combined
15   adjusted offense level of 16.
16         There is a downward adjustment for acceptance of
17   responsibility, and Mr. Riley gets the maximum downward
18   adjustment for acceptance of responsibility under the
19   guidelines.  That's because Section 3E1.1(a) and (b) have been
20   satisfied.  That's a three-level reduction, which reduces his
21   Total Offense Level to 13.
22         The second portion of the calculation under the
23   guidelines is the criminal history calculation.  His criminal
24   history reflects 24 convictions as an adult, beginning as early
25   as 1983.  Two of these, other than the conviction referenced by


1  defense counsel, are felony convictions.  The conviction that
2  defense counsel refers to in his request for a non-guideline
3  sentence is a recent conviction, 2008, in the state court.  The
4  Court notes, however, that there is another conviction in 2007
5  for which a warrant was issued due to the defendant's failure
6  to appear on two occasions and a subsequent conviction, traffic
7  conviction, of operating an unsafe vehicle in 2011.
8       The total number of criminal history points is only 3,
9  and that's because many of these prior convictions are not
10 serious enough to have points assigned to them, and the two
11 felonies are so old that they are no longer calculated with
12 points under the federal sentencing guidelines.
13      With a criminal history tally of 3 points, Mr. Riley
14 falls into Criminal History Category II.  In Criminal History
15 Category II, with an offense level of 13, the guidelines
16 recommend incarceration of 15 to 21 months, a supervised
17 release period of 1 to 3 years, a fine of 3,000 to $500,000,
18 and there is a mandatory special assessment of $100 per count,
19 here for a total of $200.
20      There is no request for a -- or motion for a departure
21 under the guidelines, but the defendant requests the imposition
22 of a variant or statutory sentence, contending that the Court
23 should take into account his criminal history and little
24 likelihood of recidivism and the fact that his incarceration
25 has an adverse effect on his family, and, finally, given his

1   age, he's not likely to commit any more crimes.  The Government
2   opposes that motion.
3           I will work backwards through the components of the
4   sentence and I'll explain my reasoning with regard to each one.
5           First of all, I intend to impose the special
6   assessment of $200.  It is mandated by statute.  I do not
7   intend to impose a fine, finding that the defendant lacks the
8   ability to pay a fine.  In addition, he has multiple dependent
9   children who would be adversely impacted if a fine were
10  imposed.
11          With regard to supervised release, I intend to impose
12  the recommended term of 3 years on each count to run
13  concurrently.  There has been no argument about supervised
14  release nor about the conditions that have been recommended by
15  the probation officer, and I intend to impose those conditions
16  as well.
17          That takes us to the custodial time period.  The Court
18  is disinclined to impose a variant sentence.  I do not find the
19  issues raised with regard to the most recent felony conviction
20  to compel the imposition of a variant sentence.  It may well be
21  that there were procedural and ethical violations in the
22  representation of Mr. Riley in that case, but the existence of
23  those does not bear upon recidivism.  The fact that he has 24
24  convictions other than that, including two felony convictions
25  and two convictions within the last three or four years,

1  suggests that the pegging of the Criminal History Category at
2  II is not only appropriate, it may be somewhat low.  And as a
3  consequence, I do not intend to vary downward based upon the
4  request related to his criminal history.
5       I take into account that his family is adversely
6  affected by his incarceration.  Quite frankly, that's true with
7  every single person who is incarcerated.  And while his family
8  is here to support him and he recognizes that it adversely
9  affects his family, that is not a factor that is taken into
10 consideration under the espoused factors under 18 U.S.C.
11 3553(a).  The factors that are taken into account are the
12 nature and circumstances of the offense, the history and
13 characteristics of the defendant, the kinds of sentences that
14 are available, the sentence prescribed by the federal
15 sentencing guidelines, the need to avoid unwarranted sentence
16 disparities among defendants with similar records found guilty
17 of similar conduct, and in the appropriate case, the need for
18 restitution.
19      With regard to Mr. Riley's age, the Court takes that
20 into account, but notes that he is still violating the law, and
21 has within the last few years.  Therefore, his age is not
22 indicative of the likelihood of his violation of the law in the
23 future.
24      The statute that applies here is 18 U.S.C. Section
25 3553, and it requires me to impose a sentence that is

1  sufficient but not greater than necessary to satisfy particular
2  objectives:  To reflect the seriousness of the offense; to
3  promote respect for the law; to provide just punishment; to
4  adequately deter criminal conduct; to protect the public from
5  further crimes by the defendant; and to provide the defendant
6  with needed educational or vocational training, medical care,
7  or other correctional treatment in the most effective manner.
8          Considering those objectives and the factors that are
9  set out in the statute, I find the recommended sentence of 15
10 months of incarceration to be the appropriate time that is
11 sufficient but not greater than necessary to satisfy the
12 sentencing objectives.
13         I decline the request to recommend to the Bureau of
14 Prisons that the defendant be placed in a halfway house.  First
15 of all, because recommendations of this type are not binding on
16 the Bureau of Prisons at all.  And, quite frankly, my
17 experience with the Bureau of Prisons is that they don't follow
18 those recommendations very often, and I don't desire to create
19 the impression that there is any expectation that they would in
20 this case.
21         But secondly, given the amount of time that would be
22 left on a 15-month sentence, I do not know whether the Bureau
23 of Prisons would be inclined to incarcerate Mr. Riley in one of
24 its facilities or to continue to avail itself of the assistance
25 of local facilities for completion of the sentence.  But

1  finally, I think Mr. Riley has given up, in the commission of
2  this crime, the sympathy of the Court as to the effect of his
3  incarceration on his family.  I am relatively sure that in the
4  24 convictions he's had thus far, that he has adversely
5  impacted his family.
6          He's indicated he appreciates that the sentence that
7  is imposed is not an extensive sentence, and the incarceration
8  period has been partially -- will likely be partially completed
9  by the time that he is remanded to the care and custody of the
10 Marshal Service in order to be turned over to the Bureau of
11 Prisons.  Therefore, I decline the request for assignment or
12 recommendation of assignment to a halfway house.
13         Any need for clarification, further explanation, or
14 request for a continuance?
15         *MR. TILL:*  Not from the Government, Your Honor.
16         *MR. CANTOR:*  No, thank you, Your Honor.
17         *THE COURT:*  Then pursuant to the Sentencing Reform Act
18 of 1984, having considered all of the provisions of 18 U.S.C.
19 Section 3553(a), it is the judgment of the Court that the
20 defendant, Calvin R.  Riley, be committed to the custody of the
21 Bureau of Prisons to be imprisoned for a term of 15 months on
22 each of Counts 10 and 32, to be served concurrently.
23         Upon release from imprisonment, he'll be placed on
24 supervised release for a term of 3 years on each count, to run
25 concurrently.  Within 72 hours of release from the custody of

1   the Bureau of Prisons, he'll report in person to the probation
2   office in the district to which he is released.  While on
3   supervised release, he'll not commit another federal, state, or
4   local crime, he'll not possess a firearm as defined in 18
5   U.S.C. Section 921, and he'll comply with the standard
6   conditions that have been adopted by the Court.  He'll not
7   unlawfully possess a controlled substance, he'll refrain from
8   any unlawful use of a controlled substance, he'll submit to at
9   least one drug test within 15 days of release on supervised
10  release and at least two periodic tests thereafter, he'll
11  cooperate in the collection of DNA as directed by the probation
12  officer.
13          And in addition, the Court imposes a special condition
14  consonant with the factors enumerated in 18 U.S.C. 3553(a) and
15  3583(d).  He will participate in and successfully complete a
16  program of testing and treatment for substance abuse as
17  approved by the probation officer until such time as he is
18  released from the program by the probation officer.  He will
19  abstain from the use of alcohol and all other intoxicants
20  during the course of the entire supervised release period.  And
21  to the extent that he is able to and directed to by the
22  probation officer, he'll pay for the cost of treatment.
23          He'll pay a special assessment of $200, which is due
24  and payable immediately.  But for the reasons previously
25  specified, no fine is imposed.

1       Mr. Riley, I advise you of your right to appeal this
2  sentence.  If you desire to appeal, a Notice of Appeal must be
3  filed with the Clerk of the Court within 14 days after judgment
4  is entered or you lose your right to appeal.  Ordinarily,
5  Mr. Cantor would file that Notice of Appeal for you; but if for
6  some reason he's unable to or unwilling to do so, you may
7  request and I will direct the Clerk of the Court to immediately
8  prepare and file a Notice of Appeal on your behalf.
9       Is there any further business to bring before the
10 Court?
11      *MR. TILL:*  Not from the Government, Your Honor.
12      *MR. CANTOR:*  No, thank you, Your Honor.
13      *THE COURT:*  Thank you, then, Mr. Till; thank you,
14 Mr. Cantor; thank you to our marshal staff and our court staff.
15 Mr. Riley will be remanded to the custody of the United States
16 Marshal.  That will conclude this matter, and we will stand in
17 recess.
18      (Recess at 2:04 p.m.)
19                    REPORTER'S CERTIFICATE
20    I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
21
22    Dated at Denver, Colorado, this 2nd day of October, 2012.
23                                 s/Therese Lindblom
24                          _____
                            Therese Lindblom,CSR,RMR,CRR
25