**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Criminal Action No. 12-cr-00010-MSK**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**12.**    **CALVIN R. RILEY,**

       **Defendant.**

_____

**OPINION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE**
_____

      **THIS MATTER** comes before the Court pursuant to Mr. Riley's *pro se* Motion for Early Termination of Supervised Release **(# 1015)**, the Government's response **(# 1017)**, and the Probation Officer's response **(# 1018)**.

      Mr. Riley pled guilty to one count of possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1), and one count of Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1), (2).  On October 1, 2012, he was sentenced to 15 months of imprisonment, followed by a three-year period of supervised release.

      On March 24, 2014, Mr. Riley filed the instant motion *pro se*.  He states that he was released from incarceration in January 2013, that since that time he has fully complied with the instructions of his Probation Officer, that he has been making restitution and other payments as required, and that he is "staying on the right track."  He states that he has "a good job opportunity in Yuma, Arizona" and needs "to be released from [supervised release] so I can move there for a better opportunity and a better life."

The Court directed a response to Mr. Riley's motion from the Government and Probation Officer.  The Government's response **(# 1017)** opposes the request, without offering any particular explanation, and posits that "supervision by a District of Arizona Probation Officer may be arranged, although the record does not reflect that either the United States Attorney's Office or Probation Office explored the matter further.

Mr. Riley's Probation Officer also filed a response **(# 1018)** opposing Mr. Riley's request.  That response did not dispute Mr. Riley's assertion that his period of supervised release to date was compliant and uneventful, nor his claim of a job offer in Yuma.  The sole basis for the Probation Officer's opposition was the fact that "he does not meet the criteria for early termination of supervision that were approved by the Judicial Conference Committee on Criminal Law."  Specifically, the Probation Officer notes that Mr. Riley's "Risk Prediction Index" score is 6, rather than the 0-1 score that is necessary to meet Probation Office criteria. (The Probation Officer notes that Mr. Riley's score "correlates with a recidivism rate of 48%," rather than the 4.5% rate correlated with a Risk Prediction Index of 1.

18 U.S.C. § 3583(e)(1) provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   Before doing so, the Court must consider certain factors set forth in 18 U.S.C. § 3553(a)(1)-(7).  Having considered those factors, the Court finds that early termination of Mr. Riley's supervised release is appropriate. There appears to be no dispute that Mr. Riley has now spent nearly two full years on supervised release and has remained fully compliant with his obligations throughout that period.  Nor does there appear to be any dispute that Mr. Riley has an employment opportunity that would allow him to better his family and financial situations.  Although the Court appreciates the Probation

Office's response, the Court is not inclined to make an individualized determinations based on statistical data reflecting trends within a population.  (Put differently, there is no more reason to assume that Mr. Riley, in particular, will be among the 48% of offenders that will commit further crimes than there is to assume he will be among the 52% who do not.)  With no counterveiling evidence demonstrating any particular actions or characteristics of Mr. Riley that weigh against early termination, the Court is left with a record that is entirely supportive of Mr. Riley's request.  Accordingly, Mr. Riley's Motion **(# 1015)** is **GRANTED**.  Mr. Riley's supervised release term is **TERMINATED**.

Dated this 24th day of October, 2014.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge